```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )  CR-N-04-30033-MAP
                                )
                Plaintiff,      )
                                )
        vs.                     )
                                )
PETER DAVIS,                    )
                                )
                Defendant.      )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'S MOTION IN LIMINE NO. 3**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, William M. Welch II, Assistant United States Attorney, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Davis's Motion in Limine No. 3 Re: Evidence of any post-1998 Campaign Contributions by Peter Davis. This motion in limine should be denied because any post-1998 campaign contributions by defendant Peter Davis is direct evidence of defendant Davis's continued involvement in the RICO enterprise.

The Government has charged defendant Davis in Count 1 with RICO and in Count 2 with RICO Conspiracy. The defendant also has been charged with Conspiracy to Commit Federal Bribery in Count 3 and Obstruction of Justice in Count 107, in which the defendant falsely denied some of his bribery conduct on April 10, 2003.

1

Counts 1 and 2 allege that the racketeering activity lasted from 1988 through April, 2003. See Superseding Indictment, ¶s 36, 56.

The essential elements of Count 1, RICO, require the United States to prove the following:

1. The existence of an enterprise;

2. The enterprise engaged in activities which affected interstate commerce;

3. The defendant was employed by or associated with the enterprise;

4. The defendant engaged in a pattern of racketeering racketeering activity; and

5. The defendant participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

United States v. Connolly, 341 F.3d 16, 25-28 (1st Cir. 2003);

United States v. Boylan, 898 F.2d 230, 241 (1st Cir. 1990);

United States v. Angiulo, 847 F.2d 956 (1st Cir. 1988).

The essential elements of Count 2 RICO Conspiracy, require the United States to prove the following:

1. The five elements of a substantive RICO violation;

2. An agreement between the defendant and at least one other person.

United States v. Salinas, 522 U.S. 52, 63 (1997).

A contested issue at the trial may be whether or not defendant Davis truly abandoned the RICO enterprise when he retired in June, 1998. While defendant Davis may have retired from the contracting business, defendant Davis never ended his

association with Asselin, Sr., Sotirion and the RICO enterprise. Defendant Davis's contribution to the state representative campaign of Christopher Asselin on May 3, 1999 is one piece of evidence that defendant Davis never terminated his association with Asselin, Sr., Sotirion and the RICO enterprise after June, 1998. Instead, defendant Davis's post-1998 contacts, such as the campaign contribution, visits to the Asselin's cape home, holiday parties, and other similar types of interactions with Asselin, Sr. and Sotirion, are evidence that defendant Davis maintained contact with Asselin, Sr. and never truly abandoned the RICO enterprise. Defendant Davis's continued association with Asselin, Sr. and his family from June, 1998 through April, 2003 further explains why defendant Davis obstructed justice on April 10, 2003.

The evidence of the May, 1999 campaign contribution is also evidence that defendant Davis wanted to maintain good relations with Asselin, Sr. even after he had retired from the construction business. Although defendant Davis had retired, his company, P.J. Richfield was not defunct. Instead, defendant Davis's son, who had worked for his father on various SHA projects from 1993 through 1998, took over P.J. Richfield after his father's retirement. To the extent that P.J. Richfield, Inc. might seek any future business from SHA after defendant Davis's retirement, it was important that defendant Davis maintained good relations with Asselin, Sr. on behalf of his son in order for P.J.

Richfield, Inc. to secure future business with SHA.  Therefore, contrary to defendant Davis's argument, the campaign contribution had been made for the purpose of maintaining an association with the RICO enterprise and to secure any future business with SHA.

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis's Motion in Limine No. 3 re: Evidence of any Post-1998 Campaign Contributions by Peter Davis.

Filed this 25th day of August, 2006.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
>
> ___/s/ William M. Welch II_____
> WILLIAM M. WELCH II
> Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          August 25, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                                              /s/ William M. Welch II
                                            WILLIAM M. WELCH II
                                            Assistant United States Attorney