UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA )
                         )
          v.             )    Criminal No. 04-30033-MAP
                         )
JOSEPH ASSELIN,          )
          Defendant.     )
```

Government's Substantial Assistance
Motion and Response to Defendant's Sentencing Memo

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts submits this substantial assistant motion and responds to Mr. Asselin's sentencing memo and relevant objections.

Substantial Assistance Motion

The government moves pursuant to U.S.S.G. § 5K1.1 for a downward departure based upon Mr. Asselin's substantial assistance in the investigation and prosecution of others. In addition, the government recommends that the Court sentence Mr. Asselin to sixteen months in prison, which is a forty percent reduction from the lower end of the sentencing guideline range of 27-33 months calculated by the Probation Office in the Presentence Report.

Nature and Scope of Cooperation

Mr. Asselin agreed to plead guilty, cooperate and testify against codefendant Peter Davis in the summer of 2006 as part of the global plea agreement for 12 of the 13 codefendants in this case.

Mr. Asselin met with the government investigators and attorneys many times for debriefings and to prepare his testimony for the Davis trial. In the government's view, Mr. Asselin

worked hard, testified credibly, and stood up well to vigorous cross examination. Mr. Asselin gave the jury an insider's perspective on the SHA fraud, including testimony about his conversations and business dealings with Peter Davis. In addition, he testified about how his father taught him "to get his piece."

Mr. Asselin is well deserving of a substantial assistance motion and the government's recommendation that the court depart from the lower end of the sentencing guideline range by 40%.

### Amount of Fraud

The PSR holds Mr. Asselin responsible for between $400,000 and $1 million in loss. (PSR ¶ 282). Mr. Asselin claims that he should be held responsible for $120,000 to $200,000. (Sentencing Memo, p. 8; Objections to PSR ¶¶ 280-286). The legal issue is what amount of loss was reasonably foreseeable to Mr. Asselin. See United States v. Marino, 277 F.3d 11, 37 (1st. Cir 2002)(relevant conduct includes reasonably foreseeable acts of others); U.S.S.G. § 2B1.1, Application Note 3(A)(i) ("'Actual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense.")

Mr. Asselin acknowledges that he received over $500,000 in gratuities related to the building of his home in Amherst and the attempted establishment of his insurance business with money from SHA contractors G&R Construction (Gary Baribeau), Manny's Plumbing and Heating (Nicholas Katsounakis) and Hilltop Construction (Frank Ware). This amount does not include all of

the well documented benefits received by Mr. Asselin, his siblings and his parents for construction, maintenance and repairs to their homes.  There has been prodigious amount of evidence submitted to the Court that SHA directly and indirectly paid for well over $500,000 in illegal benefits for the Asselins. This evidence included the testimony of Lisa Asselin, Gary Baribeau, Nicholas Katsounakis, Frank Ware and SHA employees. Mr. Asselin himself testified as to his general knowledge of the SHA benefits that he and his family received.  The testimony of all of these witnesses was corroborated by documentary evidence related to many of these benefits.

It is simply not credible for Mr. Asselin to claim that the amount of loss reasonably foreseeable by him was less than $400,000.

### Role in Offense

The PSR gives Mr. Asselin a 2 level base offense level reduction for his minor role in the offense as related to Raymond Asselin, Sr., and Arthur Sotirion.  PSR ¶ 283.  Mr. Asselin claims that he should receive a 4 level reduction for his role in the offense as minimal participant.  Sentencing Memo, p. 18.

Minimal participants are those who are the "least culpable of those involved."  U.S.S.G. § 2B1.1, Application Note 4.  A downward adjustment for minimal participation should be awarded infrequently.  Id.

Mr. Asselin was not among the least culpable of those involved in the fraud at SHA.  He was less culpable than Raymond

Asselin, Sr., and Arthur Sotirion, but more culpable than his wife Melinda, his sister Maria Serrazina, and his sisters in law Merylina Asselin and Lisa Asselin.  Mr. Asselin's conduct was similar to his brothers James, Raymond, Jr., and Christopher, none of whom were granted minimal role reductions by the Court.

Mr. Asselin is entitled only to the 2 level reduction awarded by the Probation Office for his minor role in the SHA fraud.

## Conclusion

The Probation Office has correctly calculated Mr. Asselin's sentencing guideline range as 27 to 31 months.  In light of the government's substantial assistance motion, the government recommends that the Court impose a sentence of 16 months, which is a 40% reduction from the low end of the guideline range.

```
                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              United States Attorney

                    by:   /s/ Kevin O'Regan
                          Kevin O'Regan
                          Assistant U.S. Attorney

                    Date: January 6, 2007
```

## Certificate of Service

January 6, 2007

I certify that I caused the foregoing document to be served via ECF on counsel for the defendant, Bernard Grossberg, Esq.

```
                              /s/ Kevin O'Regan
                              Kevin O'Regan
                              Assistant U.S. Attorney
```