UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-N-04-30033-MAP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSEPH ASSELIN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JOSEPH ASSELIN'S
MOTION TO MODIFY SPECIAL CONDITIONS OF PROBATION**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Steven H. Breslow, Assistant United States Attorney, hereby files the Government's Opposition To Defendant Joseph Asselin's Motion To Special Conditions of Probation (Docket No. 433) (the "Motion").

The government respectfully submits that the Motion should be denied, since the Motion seeks a substantial modification of the defendant's sentence without a justifiable basis.

I.  The Defendant's Motion Should Be Denied

    A.  The Judgment

On February 7, 2007, this Court entered a Judgment (Docket No. 399) (the "Judgment") that sentenced the defendant to a term of three years probation, featuring six months confinement in a community correction center to be followed by six months in home

confinement; a $50,000.00 fine; a $200.00 special assessment; and $144,215.00 in restitution.

The defendant has now moved the Court for an order that would substitute six additional months of home confinement for his six months of community confinement.

B. The Defendant's Offense

As set forth in far greater detail in the Pre-Sentence Report dated December 20, 2006 and revised January 23, 2007 (the "PSR"), the defendant participated in a vast and damaging series of crimes centered around the corrupt operation of the Springfield Housing Authority (the "SHA") by his father, Raymond Asselin, Sr. and Arthur Sotirion.

In particular, the defendant pleaded guilty to the following charges in the Second Superseding Indictment (the "Indictment"): conspiracy to commit bribery (Count 3), in violation of 18 U.S.C. § 370 and 201; and conspiracy to commit theft against the government (Count 85), in violation of 18 U.S.C. §§ 370 and 641.

In connection with the bribery conspiracy charged in Count 3, the defendant received tens of thousands of dollars in bribes from corrupt SHA contractors, who virtually built and maintained the defendant's luxurious Amherst home - the very home that the defendant now seeks as a residence in place of a community confinement center. In connection with the theft conspiracy charged in Count 85, the defendant was responsible for approximately tens of

thousands of dollars in home improvement expenses, automotive repair payments, and other personal expenditures.

In the PSR, the Probation Department calculated the defendant's advisory guidelines sentence range as 27 to 31 months. Balancing the defendant's brazen bribery and theft against his substantial assistance to the government in its prosecution of corrupt SHA contractor Peter Davis, the government sought a sentence of 16 months incarceration. This Court imposed a sentence to six months community confinement and six months home detention, stating that the government's requested sentence did not adequately recognize the defendant's cooperation.

    C.    The Defendant Should Serve Six Months In Community Confinement

Having already been spared a significant term of incarceration, the defendant now seeks to avoid even community confinement based upon a claim that he and his family are "deeply religious" and may be separated during Christmas 2007, when he now expects to serve his confinement. The defendant also claims that his "busy season" in the insurance business will be during the coming winter months. See Motion at page 2.

The government respectfully opposes this request on the following grounds. First, the defendant should not be permitted to spend all twelve months of his confinement in the comfort of his luxurious home, which after all as built from the fruits of his crimes. Second, the defendant's "deeply religious" convictions can

be satisfied through a narrow tailored order permitting him to send Christmas Eve and/or Christmas Day with his family. Third, the Court can avoid any conflict with Christmas or the insurance busy season by ordering the defendant to serve his six months in community confinement <u>after</u> his six months home confinement. Finally, as a convicted felon, the defendant is likely to lose his insurance license in any event.

Because the defendant neither sought to reverse the order of his confinement or a narrowly tailored exception for Christmas Day and/or Eve, the government respectfully submits that the true purpose of the motion is simply to avoid community confinement entirely so that he can continue to enjoy the substantial comforts of his ill-gotten home. Consequently, the Government respectfully requests the Court to deny the Motion in its entirety.

II.  <u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests the Court to deny the Motion.

Filed this 11th day of April, 2007.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney

                            /s/ Steven H. Breslow
                          STEVEN H. BRESLOW
                          Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          April 11, 2007

    I, Steven H. Breslow, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing said motion to:

Bernard Grossberg, Esq.
99 Summer Street, Suite 1800
Boston, MA 02110
Counsel for defendant Joseph Asselin

                                        /s/ Steven H. Breslow
                                        STEVEN H. BRESLOW
                                        Assistant United States Attorney